**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| JIMMIE DEVAUGHN BURKES, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:24-CV-234-TLS-JEM |
| NATHANIEL SWEENY, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Jimmie DeVaughn Burkes, a prisoner without a lawyer, filed an amended complaint

under 42 U.S.C. § 1983. ECF No. 7. As required by 28 U.S.C. § 1915A, the Court must screen

this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief. To

proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). Because Mr. Burkes is proceeding without counsel, the Court must give his

allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Burkes is currently an inmate at Pendleton Correctional Facility. He claims that prior

to his incarceration, on July 2, 2022, he was driving a vehicle that was stopped by three officers

from the Fairmount Police Department: Nathaniel Sweeney, Lance Sands, and Joshua Carder. He

asked one of the officers why they stopped him, and the officer told him he had been speeding

and "broke the highway plain." He alleges that during the course of their interactions, the

officers pointed their guns at him for no legitimate reason. He and his passenger exited the vehicle, and the officers conducted a search, leading to his arrest and conviction for drug offenses and unlawful possession of a firearm.[1] *See Burkes v. State*, 231 N.E.3d 229 (Table), 2024 WL 797187 (Ind. Ct. App. 2024). Based on this incident, he seeks monetary damages from the three officers.

Mr. Burkes does not appear to challenge the initial stop of his vehicle or his subsequent arrest, and instead focuses on the fact that the officers drew their weapons during the traffic stop. Under the Fourth Amendment, an officer's right to arrest an individual or conduct an investigatory stop includes the right to use some degree of physical force, but the use of force must be objectively reasonable under the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (cleaned up). Factors to consider include "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [was] resisting arrest or attempting to evade arrest by flight." *Id.* The Court is cognizant that, according to state records, Mr. Burkes possessed a firearm in his vehicle on the date in question.[2] But by his account, when the officers pointed their guns at him, he was not posing a danger, resisting, or attempting to flee. He has alleged enough to proceed further on an excessive force claim against the officers. *Id.*

---

[1] Mr. Burkes mentions only the drug offenses, but the state appellate court opinion reflects that he was also convicted of unlawful possession of a firearm by a serious violent felon. The Court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

[2] The state court opinion does not reveal where within the vehicle the firearm was found. *See Burkes*, 2024 WL 797187, at *1.

The Court has considered that under *Heck v. Humphrey*, 512 U.S. 477 (1994), a litigant may not assert any claim in a civil lawsuit that necessarily implies the invalidity of his outstanding criminal conviction. *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019). However, claims of police misconduct do not trigger the *Heck* bar if they are not necessarily inconsistent with an outstanding conviction. *Id.*; *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017). Mr. Burkes does not deny that he had contraband in his car, and his claim that the officers used more force than was necessary during the traffic stop is not necessarily inconsistent with his outstanding conviction. *See Johnson*, 944 F.3d at 968 (finding that conviction for resisting law enforcement did not bar claim that officer used excessive force in effectuating arrest); *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010) (finding that excessive force claim was not barred by *Heck*). In other words, it could be true both that he possessed a firearm and drugs and that the officers used more force than was necessary under the circumstances. At this stage, there is insufficient information to conclude that his claim is barred by *Heck*.[3]

For these reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against Officers Nathaniel Sweeney, Lance Sands, and Joshua Carder in their individual capacity for money damages for using excessive force against him during a traffic stop occurring on or about July 2, 2022, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

---

[3] The Seventh Circuit has recognized that "*Heck* did not announce a jurisdictional rule, but instead more of an affirmative defense that can be waived by an opposing party or sidestepped by a district court if it wishes to reach the merits of a claim." *Bell v. Raoul*, 88 F.4th 1231, 1234 (7th Cir. 2023). The Court does not find it appropriate to dismiss his claim under *Heck* at the pleading stage, but if further factual development shows that his claim implicates *Heck*, the defendants are free to raise that issue at a later stage.

(3) DIRECTS the Clerk of Court to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Fairmount Police Officers Nathaniel Sweeney, Lance Sands, and Joshua Carder and to send them a copy of this Opinion and Order and the Amended Complaint (ECF 7) pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Fairmount Police Department to provide the United States Marshals Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(5) ORDERS Officers Nathaniel Sweeney, Lance Sands, and Joshua Carder to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 18, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT